UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOPHIE LAM,<br><br>                Plaintiff,<br><br>    v.<br><br>MARY JANE SLEIGHT a/k/a MARY JANE BULSECO, and CLAP ONLINE INC. d/b/a CLAPIT,<br><br>                Defendants. | No.<br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiff Sophie Lam, by and through her counsel, Eisner & Dictor, P.C., alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings claims against Defendants pursuant to the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL). From on or about July 1, 2016, to on or about December 17, 2017, Defendants jointly and severally employed Plaintiff. Defendants failed to pay Plaintiff straight time and minimum wages for all hours worked. Plaintiff brings this action to recover unpaid wages, including minimum wages, statutory interest, liquidated damages, and notice and recordkeeping damages, and costs and attorneys' fees.

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the FLSA, 29 U.S.C. § 201 *et seq.*

3. This Court has supplemental jurisdiction over the New York State claims under 28 U.S.C. § 1367.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

1

## THE PARTIES

5. Plaintiff Sophie Lam is an adult individual residing in Queens County, New York.

6. Defendant Mary Jane Sleight a/k/a Mary Jane Bulseco is a principal and chief executive officer of defendant Clap Online Inc and a former employer of Plaintiff.

7. Defendant Clap Online, Inc. d/b/a Clapit is a Delaware Business Corporation registered to do business in New York State, with its principal place of business at 1515 Broadway, 43rd Floor, New York, NY 10036.

## STATEMENT OF CLAIMS

8. From on or about July 1, 2016, to on or about December 17, 2017, Defendants jointly and severally employed Plaintiff.

9. Since at least July 1, 2016, Defendants have performed related activities through unified operations or common control with the common purpose of operating a business for profit in New York State.

10. Clap Online Inc. d/b/a Clapit describes itself as a talent discovery app that crowdsources professional and amateur actors into film and television roles, and a social entertainment network where unknown and known actors are discovered by the Clapit community.

11. Since at least July 1, 2016, Defendants have constituted an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1), with a gross annual volume of sales made or business done of not less than $500,000 and employees engaged in commerce that handle or otherwise work on goods and materials that have been moved in or produced for commerce.

12. At all times relevant, Plaintiff was a covered employee of Defendants under the FLSA and New York Labor Law and was not exempt from the minimum wage and maximum hour requirements.

13. Throughout Plaintiff's employment, Plaintiff's title was "Community Manager." Plaintiff worked coordinating communications, content creation, and social media. Plaintiff handled Clapit social media accounts, assisted in the general needs of Clapit's marketing department.

14. Defendants willfully and intentionally misclassified Plaintiff as an independent contractor.

15. As employers, Defendants jointly and severally had and exercised formal authority and control over Plaintiff's work. Plaintiff was not in business for herself and her work depended entirely on Defendants' business.

16. Throughout Plaintiff's employment with Defendants, Plaintiff engaged in commerce, or in the production of goods for commerce, by using interstate wires to contact and coordinate with persons located in other states.

17. On or about July 1, 2016, Defendants hired Plaintiff to work and agreed to pay Plaintiff $2,800 each month for all hours worked.

18. Defendants required Plaintiff to submit "invoices" for payment of wages.

19. On or about January 1, 2017, Defendants agreed to begin paying Plaintiff $4,200 each month for all hours worked.

20. From on or about July 1, 2016, to on or about May 16, 2017, Plaintiff worked at least 40 hours a week, working overtime for some weeks.

21. For example, from on or about December 12, 2016, to on or about December 18, 2016, Plaintiff worked in excess of 40 hours in a week.

22. Although during some weeks between July 1, 2016, to on or about May 16, 2017, Plaintiff worked in excess of 40 hours in a week, Defendants failed to compensate Plaintiff at one and one-half times her regular rate for all hours in excess of 40 in a week.

23. For example, from on or about December 12, 2016, to on or about December 18, 2016, Plaintiff worked in excess of 40 hours a week, but Defendants failed to compensate Plaintiff at one and one-half times her regular rate for all hours in excess of 40 that she worked that week.

24. Defendants payment of wages to Plaintiff was erratic and untimely. For example, Plaintiff worked at least 40 hours a week from July 1, 2016, to October 31, 2016. Although by October 31, 2016, Plaintiff had earned $11,200 in wages, Defendants had only paid her $5,753.03 by that time.

25. By May 31, 2017, Plaintiff had earned at least $37,800, based on her regular wages, but Defendants had only paid her $25,264.52. From on or about March 27, 2017, to on or about May 31, 2017, Defendants failed to pay Plaintiff any wages.

26. Throughout Plaintiff's employment, Defendant Mary Jane Sleight a/k/a Mary Jane Bulseco, assured Plaintiff that the wage payments were only delayed and that all owed wages would be forthcoming.

27. On or about May 16, 2017, Plaintiff began working fewer hours and pro-rating her invoices accordingly. Defendants erratic and untimely payment of wages continued.

28. For example, from on or about May 16, 2017, to on or about June 10, 2017 Plaintiff worked 111.25 hours, and on or about June 10, 2017, Plaintiff invoiced Defendants for $2,920 in wages. On or about June 30, 2017, Defendants paid Plaintiff $500 in wages. On or about July 10, 2017, Defendants paid Plaintiff $1000 in wages. From on or about June 11, 2017, to on or about July 12, 2017, Plaintiff worked 82.5 hours, and on or about July 12, 2017, Plaintiff invoiced

Defendants for $2,166 in wages. On or about July 13, 2017, Defendants paid Plaintiff $2,000 in wages. From on or about July 13, 2017, to on or about August 14, 2017, Plaintiff worked 73.75 hours, and on or about August 14, 2017, Plaintiff invoiced Defendants for $1,9367 in wages. On or about August 15, 2017, Defendant paid Plaintiff $9,112.99 in wages.

29. Defendants have willfully failed to pay Plaintiff any wages since August 15, 2017.

30. From on or about August 15, 2017, to on or about September 19, 2017, Plaintiff worked 73.79 hours, and on or about September 19, 2017, Plaintiff invoiced Defendants for $1,820.40. From on or about September 20, 2017, to on or about October 12, 2017, Plaintiff worked 69.35 hours, and on or about October 12, 2017, Plaintiff invoiced Defendants for $1,600 in wages. From on or about October 13, 2017, to on or about December 17, 2017, Plaintiff worked 60.95 hours, and on or about December 17, 2017, Plaintiff invoiced Defendants for $3,968 in wages.

31. Defendants never provided plaintiff with wage notices containing, *inter alia*, the rates of pay and basis thereof, allowances, regular pay day, name of employer, any additional business names, physical address of the employer, and telephone number.

32. Defendants never furnished plaintiff with wages statements that listed, *inter alia*, the regular rate of pay, the number of regular hours worked.

### First Claim
### Failure to Pay Minimum Wage in Violation of the FLSA
### (29 U.S.C. § 216)

33. Plaintiff repeats and realleges the preceding allegations.

34. Throughout Plaintiff's employment with defendants, Defendants willfully failed to pay Plaintiff at least the minimum wage for all hours worked, in violation of the FLSA.

35. Pursuant to the FLSA, Plaintiff seeks and is entitled to recover her unpaid minimum wages, liquidated damages, attorneys' fees, costs, and post-judgment interest along with such other relief as this Court deems just and proper.

**Second Claim**
**Failure to Pay Overtime Compensation in Violation of the FLSA**
**(29 U.S.C. § 216)**

36. Plaintiff repeats and realleges the preceding allegations.

37. Between on or about July 1, 2016, and on or about May 16, 2017, Plaintiff worked in excess of 40 hours in some weeks, but Defendants willfully failed to compensate Plaintiff at one and one-half times her regular rate of pay for all hours worked in excess of 40 in a week, in violation of the FLSA.

38. Pursuant to the FLSA, Plaintiff seeks and is entitled to recover unpaid overtime compensation, liquidated damages, attorneys' fees, costs and post-judgment interest along with such other relief as this Court deems just and proper.

**Third Claim**
**Failure to Pay Minimum Wages in Violation of NYLL**
**(NYLL §§ 198, 650 *et seq.* and 12 NYCRR § 142-2.1)**

39. Plaintiff repeats and realleges the preceding allegations.

40. Throughout Plaintiff's employment, Defendants willfully failed to pay Plaintiff at least the minimum wage for all hours worked, in violation of NYLL.

41. Pursuant to NYLL, Plaintiff seeks and is entitled to recover unpaid minimum wages, statutory pre-judgment interest, liquidated damages, attorneys' fees, costs and post-judgment interest along with such other relief as this Court deems just and proper.

**Fourth Claim**
**Failure to Pay Straight-Time Wages in Violation of NYLL**
**(NYLL §§ 193, 198, 650 *et seq.* and 12 NYCRR § 142-2.10)**

42. Plaintiff repeats and realleges the preceding allegations.

43. Defendants willfully failed to pay Plaintiff her straight time wages for all hours worked, in violation of NYLL § 193.

44. Pursuant to NYLL, Plaintiff seeks and is entitled to recover her unpaid straight-time wages, statutory pre-judgment interest, liquidated damages, attorneys' fees, costs and post-judgment interest along with such other relief as this Court deems just and proper.

### Fifth Claim
### Failure to Pay Overtime Compensation in Violation of NYLL
### (NYLL §§ 195(1), 198, 650 *et seq.* and 12 NYCRR § 142-2.3)

45. Plaintiff repeat and reallege the preceding allegations.

46. Between on or about July 1, 2016, and on or about May 16, 2017, Plaintiff worked in excess of 40 hours in some weeks, but Defendants willfully failed to compensate Plaintiff at one and one-half times her regular rate of pay for all hours worked in excess of 40 in a week, in violation of NYLL.

47. Pursuant to NYLL, Plaintiff seeks and is entitled to recover her unpaid overtime compensation, statutory pre-judgment interest, liquidated damages, attorneys' fees, costs, and post-judgment interest along with such other relief as this Court deems just and proper.

### Sixth Claim
### Failure to provide Wage Notices in Violation of NYLL
### (NYLL §§ 195(1), 198(1-b), 650 *et seq.* and 12 NYCRR § 142-2.3)

48. Plaintiff repeat and reallege the preceding allegations.

49. Throughout Plaintiff' employment, defendants failed to furnish Plaintiff with wage statements, in violation of NYLL § 195(1).

50. Plaintiff seeks and is entitled to recover damages in the amounts provided by NYLL § 198(1-b) for defendants' failure to furnish wage statements.

### Seventh Claim
### Failure to furnish Wage Statements in Violation of NYLL
### (NYLL §§ 195(3), 198(1-d), 650 *et seq.* and 12 NYCRR § 142-2.3)

51. Plaintiff repeat and reallege the preceding allegations.

52. Throughout Plaintiff's employment, Defendants failed to furnish Plaintiff with wage statements, in violation of NYLL § 195(3).

53. Pursuant to NYLL, Plaintiff seeks and is entitled to recover damages in the amounts provided by NYLL § 198(1-d) for defendants' failure to furnish wage statements.

## RELIEF SOUGHT

Plaintiff respectfully request that this Court grant them the relief to which they are entitled and:

    **(a)** enter judgment declaring that Defendants willfully violated the FLSA;

    **(b)** enter judgment declaring that Defendants willfully violated NYLL;

    **(c)** award Plaintiff the minimum wages and liquidated damages she is owed pursuant to the FLSA;

    **(d)** award Plaintiff the minimum wages, statutory pre-judgment interest, and liquidated damages she is owed pursuant to NYLL;

    **(e)** award Plaintiff the straight-time wages, statutory pre-judgment interest, and liquidated she is owed under NYLL;

    **(f)** award Plaintiff statutory damages for Defendants' failure to provide wage notices pursuant to NYLL;

    **(g)** award Plaintiff statutory damages for Defendants' failure to provide wages statements pursuant to NYLL

    **(h)** award Plaintiff statutory pre-judgment interest on all wages she is owed pursuant to NYLL and N.Y. C.P.L.R. § 5004, and all other pre-judgment interest Plaintiff is entitled to under applicable law;

    **(i)** award Plaintiff attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663, and all other applicable law;

    **(j)** award Plaintiff post-judgment interest as provided by law; and

  **(k)** grant such other relief that is just and proper.


Dated: New York, New York
    March 11, 2019

                  Respectfully submitted,

                  EISNER & DICTOR, P.C.
                  *Attorneys for Plaintiff*

            By: _____
                  Thomas J. Lamadrid
                  39 Broadway, Suite 1540
                  New York, NY 10006
                  Tel: (212) 473-8700
                  Fax: (212) 473-8705
                  thomas@eisnerdictor.com